# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                                    Case # 1:06CR07-001
                                                                                   1:06CR15-001

**TOAN  NGOC  PHAM**
a/k/a "Sonny"

                                                                        USM # 20614-017

                                                                        Defendant's Attorney:
                                                                        Thomas Miller (AFPD)
                                                                        101 SE 1st Avenue
                                                                        Gainesville, FL 32601

_____

## JUDGMENT IN A CRIMINAL CASE

**Docket No. 1:06CR7-001:** The defendant pled guilty to Counts 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 20 of the Indictment on April 19, 2006.  Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§1341 | Mail Fraud | July 31, 2005 | 1 |
| 18 U.S.C. §§1344 | Bank Fraud | March 23, 2005 | 4 |
| 18 U.S.C. §§1028A and 1028(A)c | Aggravated Identity Theft | March 23, 2005 | 5 |
| 18 U.S.C. §§1344 | Bank Fraud | April 18, 2005 | 6 |
| 18 U.S.C. §§1028A and 1028(A)c | Aggravated Identity Theft | April 18, 2005 | 7 |
| 18 U.S.C. §§1344 | Bank Fraud | May 12, 2005 | 8 |
| 18 U.S.C. §§1028A and 1028(A)c | Aggravated Identity Theft | May 12, 2005 | 9 |
| 18 U.S.C. §§1344 | Bank Fraud | June 17, 2005 | 10 |
| 18 U.S.C. §§1028A and 1028(A)c | Aggravated Identity Theft | June 17, 2005 | 11 |
| 18 U.S.C. §§1344 | Bank Fraud | June 24, 2005 | 12 |
| 18 U.S.C. §§1028A and 1028(A)c | Aggravated Identity Theft | June 24, 2005 | 13 |
| 18 U.S.C. §§1344 | Bank Fraud | June 27, 2005 | 14 |

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                                                                     Page 2 of 9
1:06cr7-001 and 1:06cr15-001 - TOAN  NGOC PHAM

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§1028A and 1028(A)c | Aggravated Identity Theft | June 27, 2005 | 15 |
| 18 U.S.C. §1028(a)(6) and (b)(1)(A)(I) | Identity Theft | July 18, 2005 | 16 |
| 42 U.S.C. §408(a)(7)(B) | Fraudulent Use of a Social Security Number | March 9, 2005 | 20 |

**Counts 2, 3, 17, 18, 19, 21, 22 are dismissed on motion of the government**.

**Docket No. 1:06CR15-001:** The defendant pled guilty to Counts 1 and 2 of the indictment on May 10, 2006, Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 USC §§1344 | Bank Fraud | September 20, 2000 | 1 |
| 18 USC §§1344 | Bank Fraud | January 9, 2001 | 2 |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
October 18, 2006

 s/Maurice M. Paul
_____
MAURICE M. PAUL
SENIOR UNITED STATES DISTRICT JUDGE

October 24, 2006

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*   *Page 3 of 9*
*1:06cr7-001 and 1:06cr15-001 - TOAN NGOC PHAM*

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **111 months**.

Docket No. 1:06CR7: 87 months as to Counts 1, 4, 6, 8, 10, 12, 14, 16, to run concurrent with each other. 24 months as to Counts 5, 7, 9, 11, 13, 15, to run concurrent with each other. 60 months as to Count 20, to run concurrent with all counts. Counts 5, 7, 9, 11, 13, 15 will run consecutive with Counts 1, 4, 6, 8, 10, 12, 14, 16, 20.

Docket No. 1:06CR15: 87 months as to Counts 1 and 2, to run concurrent with each other and concurrent to all Counts in Docket No. 1:06CR7.

The Court recommends to the Bureau of Prisons:

    No unsupervised access to computers.

    The defendant is remanded to the custody of the United States Marshal. The defendant was denied bond and has remained in the custody of the U.S. Marshal until sentencing.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                     _____
                                                       UNITED STATES MARSHAL

                                    By:_____
                                                  Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years**.    (Docket No. 1:06CR7-001: 3 years as to Counts 1, 16, and 20; 5 years as to Counts 4, 6, 8, 10, 12 and 14; and 1 year as to Counts 5, 7, 9, 11, 13, and 15).
(Docket No. 1:06CR15-001: 5 years as to Counts 1 and 2).  All counts to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                                                                                    Page 5 of 9
1:06cr7-001 and 1:06cr15-001 - TOAN  NGOC PHAM

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

15. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

16. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall not own or possess a firearm, dangerous weapon or destructive device.

The defendant shall remain gainfully employed or actively seek employment while under supervision.

The defendant shall not be self-employed, or own or operate any type of business. Employment must be approved by the probation officer.

The defendant shall not hold a position of trust or have signatory authority as part of his employment.

The defendant shall submit all financial documents as requested by the probation officer.

The defendant shall not open additional lines of credit or bank accounts without the approval of the probation officer.

The defendant shall pay any unpaid restitution in monthly installments of not less than 50%

of his net income, to commence no later than 60 days after release form imprisonment.

The defendant shall submit to warrant-less searches of his person, residence, computer and vehicle by the probation officer to determine if the defendant is in possession of, or manufacturing false identifications or is in possession of another's personal identification information. The defendant shall permit the probation officer to confiscate any false indemnification or personal information found as the result of such search.

The defendant shall abide by a curfew of 8:00 p.m. to 6:00 a.m. daily, unless excused in advance by the probation officer for school, training, employment or other acceptable reasons.

Upon a finding of a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


_____          _____
Defendant                                Date



_____          _____
U.S. Probation Officer/Designated Witness    Date

# CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

## SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $1,700.00* | NONE | $218,345.74 |

## SPECIAL MONETARY ASSESSMENT

*A special monetary assessment of **one hundred dollars for each count for a total of $1,700.00** is imposed.

No fine imposed.

## RESTITUTION

Restitution in the amount of **$218,345.74** is imposed.

The defendant shall make restitution to the following victims in the amounts listed below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| Arthur C. Wade, Jr. (Gulf Atlantic Investments, LLC) | $8,178.44 | $8,178.44 |
| Quang A. Le (City Nails and Beauty Supply) | $23,108.00 | $23,108.00 |
| Wachovia Bank | $5,444.48 | $5,444.48 |

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 8 of 9*
*1:06cr7-001 and 1:06cr15-001 - TOAN NGOC PHAM*

| | | |
|---|---:|---:|
| Atlantic Capital Investments, LLC | $8,899.08 | $8,899.08 |
| Leonard's Furniture | $4,252.69 | $4,252.69 |
| Golden Glass and Mirror | $900.00 | $900.00 |
| Florida Citizens Bank | $2,173.55 | $2,173.55 |
| Ashley Furniture Home Store | $9,744.75 | $9,744.75 |
| Independent Bank Recovery Department (All Pro Imports) | $21,961.57 | $21,961.57 |
| Gainesville Real Estate Management | $60,762.60 | $60,762.60 |
| The Home Depot | $15,400.00 | $15,400.00 |
| Tung Van Nguyen (Central Nail Beauty Supply) | $20,000.00 | $20,000.00 |
| Discover Card Co. | $15,000.00 | $15,000.00 |
| Wells Fargo Woodland West Location | $16,883.00 | $16,883.00 |
| Autobon Motorcar | $2,223.23 | $2,223.23 |
| All Pro Imports | $3,414.35 | $3,414.35 |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise.  If nominal payments are made by the defendant the court authorizes those payments to be made to the victims on a rotating basis.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

The Court has determined that the defendant does not have the ability to pay interest.  It is **ORDERED** that:    In the interest of justice, interest on restitution is hereby waived.

Case 1:06-cr-00007-MP-AK   Document 40   Filed 10/24/06   Page 9 of 9

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*                                                                    *Page 9 of 9*
*1:06cr7-001 and 1:06cr15-001 - TOAN  NGOC PHAM*

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties in full immediately

in installments to commence 60 day(s) after release from imprisonment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Office shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

In monthly installments of not less than 50% of net income over a period to commence 60 days after release from imprisonment.

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n).  Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall forfeit the defendant's interest in the following property to the United States:

- **A.   LG Flat Screen Monitor, L1720P, 501MXE724316**
- **B.   Sony Vaio Desktop Computer, 3010316**
- **C.   Creative PC Speakers, Trugue 3400, CAMF02354600026910**
- **D.   All computer peripherals such as Keyboard, mouse, etc.**
- **E.   HP All in one 7410 Fax, Scanner, Printer, 000E7FC72033**
- **F.   HP laptop computer, ZX5000/ZX5369CL, CND446KFG**
- **G.   Brother Electronic Typewriter, SX4000, M4E060641**
- **H.   Panasonic Fax/Phone system, KXFPG391, PFGT2419ZA**
- **I.   Bose Media Center with remote, AV3-2-1 II, 035666950915074AZ**
- **J.   Bose Acoustical Speaker System, PS3-2-1 II, 034122950900007AS**
- **K.   Two Bose Speakers**
- **L.   Royal paper shredder, BEI 7H22E195288**
- **M.   Dell Dimension 4700 Desktop Computer, D5Q2J71**
- **N.   Keyboard Mouse**
- **O.   19" Dell Flat Screen Monitor, E193FPC,CN0G84326418052P2QES**
- **P.   Linksys External Wireless device, WUSB54G, MEQ20D945838**
- **Q.   All associated cords, paperwork, and software associated with listed items.**
- **R.   Motorola Razor Cell phone**