IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 1:06cr7-MMP/AK

TOAN NGOC PHAM,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

    This cause is before the Court on Defendant's motion to vacate filed pursuant to 28 U.S.C. § 2255. Doc. 62. The Government has filed its response, Doc.68, and Defendant has filed a reply. Doc. 70. This matter is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the motion be denied.

**BACKGROUND**

    Defendant was indicted in this Court and in the United States District Court for the Northern District of Texas for numerous financial crimes. After the Texas case was transferred to this Court, Defendant pled guilty to fifteen counts of mail and bank fraud, identity theft, aggravated identity theft, and misuse of a social security number. As part of the Plea Agreement, the parties agreed that the issue of sentencing was "in the sole discretion" of the Court and was restricted only by the relevant statutes. The Government agreed not to recommend "a specific

sentence," but the parties retained the right to advise the Court of their versions of the offenses. Defendant acknowledged that he was "sufficiently fluent" in English to understand the terms of the Plea Agreement and "to understand what [was] said during the plea colloquy...." Doc. 21. The Court reviewed these matters with Defendant at the plea hearing, and he acknowledged his understanding of them. Doc. 51.

Defendant was subsequently sentenced to 111 months imprisonment and ordered to pay $218,345.74 in restitution. Doc. 40. He timely appealed but then voluntarily dismissed the appeal after consulting with trial and appellate counsel. Doc. 68, Ex. 1 & 2. The Eleventh Circuit dismissed the appeal with prejudice. Doc. 55.

The instant motion to vacate followed. On this occasion, Defendant raises four claims: (1) the Court committed error by imposing a two-level upward adjustment for obstruction of justice, (2) the Court incorrectly denied Defendant a three-level reduction for acceptance of responsibility, (3) the Government violated the plea agreement during sentencing by making a sentencing recommendation, and (4) the Court erred when it failed to reduce Defendant's Guidelines range after it reduced the amount of restitution. Doc. 62.

Each of Defendant's claims involves a challenge either to the sentence or to the Government's actions during sentencing, and thus, they are not cognizable in this proceeding since the failure to "advance an available challenge to a criminal conviction or sentence on direct appeal" bars Defendant from presenting the claim post-conviction. *Lynn v. United States*, 365

F.3d 1225, 1234 (11th Cir. 2004). Defendant can avoid this procedural bar "only by establishing one of the two exceptions to the procedural default rule." *Lynn*, 365 F.3d at 1234. Under the first exception, he must show cause for not raising the error on direct appeal and actual prejudice from the alleged error. *Id*. To establish cause requires a showing that "some objective factor external to the defense prevented [Defendant] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [Defendant]'s own conduct." *Id*. at 1235. Ineffective assistance of counsel can constitute cause for a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Even if he fails to establish cause and prejudice, under the second exception, the procedural default will be excused if a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Lynn*, 365 F.3d at 1234. "[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

     Defendant himself freely and voluntarily dismissed the direct appeal of the judgment in this case, and therefore, he cannot establish cause for his failure to raise on appeal the issues he now advances. Defendant's attempt in his reply to recast these sentencing claims as ineffective assistance of counsel claims is not well taken, as any claim of ineffectiveness is outside the scope of the original motion, and therefore, untimely. *Pruitt v. United States*, 274 F.3d 1315, 1318 (11th Cir. 2001) (Fed. R. Civ. P. Rule 15(c) is not so broad as to allow amended pleading to add entirely new claim based on different set of facts); *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) (where proposed claim of ineffective assistance of counsel is facially beyond one-year statute of limitations and therefore untimely, it is barred unless it "relates back" to the original filing pursuant to Rule 15(c)).

Case No. 1:06cr7-mmp/ak

Furthermore, Defendant is not actually innocent of the crimes to which he pled guilty, *see Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of verity"), and thus, even assuming his claims are constitutional in nature, the procedural default resulting from the failure to raise these claims on appeal is not excused.

Accordingly, it is respectfully **RECOMMENDED** that the motion to vacate, Doc. 62, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this  **25th**  day of August, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**