IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 1:06-cr-00007-MP-AK

TOAN NGOC PHAM,

    Defendant.
_____/

**O R D E R**

This matter is before the Court on Doc. 74, Report and Recommendation of the Magistrate Judge, recommending that Defendant Toan Ngoc Pham's motion to vacate at Doc. 62 be denied. The Government has filed a response at Doc. 68 to the motion to vacate. Defendant has filed a reply. Doc. 70. The Magistrate Judge filed the Report and Recommendation on Monday, August 25, 2008. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Defendant has filed an objection at Doc. 76. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

I. Defendant's Original Motion to Vacate

In his motion to vacate, Defendant raises four arguments: (1) the Court committed error by imposing a two-level upward adjustment for obstruction of justice; (2) the Court incorrectly denied Defendant a three-level reduction for acceptance of responsibility; (3) the Government violated the plea agreement during sentencing by making a sentencing recommendation; and (4) the Court erred when it failed to reduce Defendant's Guidelines range after it reduced the amount of restitution. Doc. 62.

The Magistrate considered Defendant's claims and concluded they were procedurally barred because Defendant failed to raise them on direct appeal. See <u>Lynn v. United States</u>, 365 F.3d 1225, 1234 (11th Cir. 2004). Defendant also failed to raise his objections at the time of sentencing. In order to overcome this procedural bar, Defendant must meet one of two exceptions. Under the first exception, Defendant must show both cause for not advancing his challenge to the alleged errors and actual prejudice resulting from the error. <u>Id.</u>; see also <u>Genge v. U.S. 279</u>, Fed.Appx. 897 (11th Cir. 2008) (noting that the cause and prejudice standard applies to a § 2255 claim that the government breached the parties' plea agreement) (citing <u>Martorana v. United States</u>, 873 F.2d 283, 285 (11th Cir. 1989)). If Defendant is unable to show actual prejudice, he may still prevail if he can demonstrate that he is actually innocent and that a constitutional violation occurred, probably resulting in his conviction. <u>Lynn</u>, 365 F.3d at 1234. The Court agrees with the Magistrate that Defendant's admission of guilt prevents Defendant from claiming relief under the latter exception.

As to Defendant's ability to show cause for failure to pursue the alleged errors on direct appeal, the Magistrate found that Defendant cannot show sufficient cause because Defendant dismissed his direct appeal freely and voluntarily. See <u>Murray v. Carrier</u>, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986) ("[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."). The Court agrees with the Magistrate that Defendant has failed to show the existence of some objective factor external to the defense that impeded his counsel's efforts to raise the instant challenges on appeal. Indeed, the representations in Defendant's objection at Doc. 76 indicate that Defendant freely dismissed

his appeal in order to gain favor with the Government as he pursued a Rule 35(b) motion to reduce sentence. Although ineffective assistance of counsel may constitute cause for a procedural default, Defendant did not argue that the dismissal of his appeal was due to ineffective assistance of counsel. Defendant has argued that the failure of Defendant's trial counsel to object at the time of sentencing constitutes ineffective assistance of counsel, but counsel's failure to object is not the reason for the procedural default. Therefore, the Court agrees with the Magistrate that the four claims in Defendant's original motion to vacate are procedurally defaulted.

## II.  Defendant's Ineffective Assistance of Counsel Argument

In the instant case, Defendant failed to claim ineffective assistance of trial counsel in his original motion to vacate. Doc. 62. When the Government argued in its response that Defendant's challenges were procedurally barred absent a showing of cause and prejudice, Doc. 68, Defendant filed a reply acknowledging the deficiency in his original motion:

> "[T]he person who assisted Petitioner in preparing his § 2255 Petition has severely limited his ability to submit a complete rebuttal because the errors that have all been placed within Petitioner's brief are all labeled as judicial error, when in fact, the errors submitted for argument were assuredly enabled by ineffective assistance of counsel . . . .

Doc. 70 at 2. In his reply, Defendant adheres to each of the original four challenges in his motion to vacate but raises the additional argument that each of the four grounds for his motion is attributable to ineffective assistance of counsel.

Under § 2255, a motion to vacate must be brought within a one-year period of limitation, running from the latest of:  (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in

Case 1:06-cr-00007-MP-AK   Document 77   Filed 11/07/08   Page 4 of 5

Page 4 of 5

violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In the instant case, the relevant date for tolling the deadline is the date on which the judgment of conviction became final. When a defendant in a federal prosecution takes an unsuccessful direct appeal from a judgment of conviction but does not next petition for a writ of certiorari from the United States Supreme Court, the judgment of conviction becomes final when the time for filing a petition of certiorari expires. Clay v. U.S., 537 U.S. 522, 532, 123 S.Ct. 1072, 1079 (2003). Here, the mandate of the United States Court of Appeals dismissing Defendant's appeal with prejudice was filed on January 22, 2007. Doc. 55. Defendant then timely filed his motion to vacate on September 7, 2007. Doc. 62. Defendant raised his ineffective assistance argument for the first time in his reply on January 14, 2008. Doc. 70. Had Defendant filed an amended motion to vacate at the time he filed his reply, the amended motion would have been timely and the Court would have determined whether to grant leave to file the amendment under Rule 15(a)(2). However, Defendant did not move for leave to amend his original motion, and the deadline for filing a motion to vacate under § 2255 has now passed.

If a motion to vacate is filed within this deadline but subsequently amended after the deadline passes, the amendment will be considered untimely unless it relates back to the original motion. Under Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure, an amendment to a

pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." The same standard applies to additional claims in an amended motion to vacate brought pursuant to § 2255.  See Pruitt v. U.S., 274 F.3d 1315, 1318-1319 (11th Cir. 2001); Davenport v. United States, 217 F.3d 1341 (11th Cir. 2000). Because Defendant never moved to amend his motion to vacate to include his ineffective assistance of counsel claims, the Court declines to consider whether those claims would be time-barred as the Magistrate suggests. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate, Doc. 74, is adopted and incorporated herein.

2. Defendant's Motion to Vacate, Doc. 62, is DENIED.

**DONE AND ORDERED** this   *7th* day of November, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge