IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              CASE NO. 1:06-cr-00007-MP-AK

TOAN NGOC PHAM,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 80, Motion for Leave to File Government's Response to Petitioner's Motion for Sentence Adjustment. The Government's response is helpful to the Court's analysis, the delay in filing the response was not due to inexcusable neglect or to secure a strategic advantage, and the delay in filing the response does not prejudice the Defendant. Therefore, the Court will grant the Government's motion for leave to file its response, Doc. 81, to the Motion for Sentence Adjustment, Doc. 79.

Defendant's request that his sentence of 111 months imprisonment should be reduced fails to provide this Court with the authority to grant the relief requested. Generally, this Court lacks jurisdiction to modify or adjust a judgment once it is imposed, except pursuant to Rule 35 or based upon a subsequent amendment of the Sentencing Guidelines pursuant to 18 U.S.C.A. § 3582(c)(2). U.S. v. James, 548 F.3d 983, 984 (11th Cir. 2008); *see also* U.S. v. Diaz-Clark, 292 F.3d 1310, 1315-17 (11th Cir. 2002). Rule 35 concerns clear error in the sentencing, such as clerical error, and downward departures for substantial assistance. Neither Rule 35 nor a change in the Guidelines are present here, leaving the Court unable to adjust Defendant's sentence.

Defendant cites an overruled case from another circuit as his only persuasive authority. In U.S. v. Restrepo, 802 F.Supp. 781 (E.D.N.Y. 1992), the district court granted a downward departure from the sentencing guidelines in part because Restrepo, as an alien, would not be eligible for release to a halfway-house. The Second Circuit vacated the sentence and remanded for re-sentencing, holding that Restrepo's circumstances did not warrant a downward departure. U.S. v. Restrepo, 999 F.2d 640 (2nd Cir. 1993). Though the Second Circuit did conclude that "the prohibition against consideration of national origin [in the Sentencing Guidelines] does not constitute a prohibition against consideration of alienage," 999 F.2d at 644, it did so in the context of direct review of a district court's sentencing determination. The Second Circuit did not consider a request for a downward departure filed years after the district court sentenced the defendant, as we have here. In addition, the Eleventh Circuit has declined to follow Restrepo. U.S. v. Maung, 320 F.3d 1305 (11th Cir. 2003). Therefore, Defendant's reliance on the original ruling of the district court in Restrepo is misplaced.

If, instead, the Defendant's motion is viewed as a petition under 28 U.S.C.A. § 2255, it fails as both time-barred and as an improper successive petition. Because of the nature and scope of his prayer for relief, this Court could construe Defendant's motion as a petition for habeas corpus review. However, Defendant's conviction became final on January 22, 2007. Doc. 55. In determining the date Defendant filed this motion, the Court applies the mailbox rule, as Defendant represents himself *pro se*. Washington v. U.S., 243 F.3d 1299, 1301 (11th Cir. 2001). Applying the mailbox rule, Petitioner listed June 30, 2009, in the Certificate of Service. 28 U.S.C.A. § 2255 requires petitions to be filed within one year from the date the conviction became final. Because this motion was not filed within one year, it is time barred as a petition for habeas corpus review.

Likewise, this motion fails as a petition for habeas corpus review because Defendant has already tried and failed to secure relief under 28 U.S.C.A. § 2255. Doc. 77, 78. He has not sought permission from the United States Court of Appeals for the Eleventh Circuit to file a second or successive petition. 28 U.S.C.A. §§ 2244(b)(3) and 2255 require such permission for second or successive petitions. Because Defendant does not have it, even if this Court construed this Motion as a habeas corpus petition, that petition would be barred.

The Court lacks jurisdiction to modify Defendant's sentence under Rule 35 or a change since sentencing to the Sentencing Guidelines. The Court cannot grant habeas corpus relief because if construed as a petition for habeas corpus, this Motion is time-barred and successive. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Government's Motion for Leave to File Response, Doc. 80, is GRANTED.

2. Defendant's Motion for Sentence Adjustment, Doc. 79, is DENIED.

**DONE AND ORDERED** this __14th__ day of September, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge